**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF LOUISIANA**
**ALEXANDRIA DIVISION**

| | | |
|---|---|---|
| **W.S.**[1] | * | |
| | * | |
| **VERSUS** | * | **CIVIL ACTION NO:** |
| | * | |
| **SHERIFF MARK WOOD IN HIS** | * | **JURY TRIAL DEMANDED** |
| **OFFICIAL CAPACITY AS SHERIFF** | * | |
| **OF RAPIDES PARISH; RAPIDES** | * | **CHIEF JUDGE:** |
| **PARISH POLICE JURY;** | * | |
| **WARDEN JAY SLAYTER** | * | **MAGISTRATE JUDGE:** |
| **STEVEN LITTLETON;** | * | |
| **LIEUTENANT GINTZ; OFFICER** | * | |
| **MATT REED; LIEUTENANT CAIN;** | * | |
| **DEPUTY FRANK; DEPUTY CLOUD;** | * | |
| **LIEUTENANT ROBERTSON;** | * | |
| **CORPORAL CHARLES CHARRIER;** | * | |
| **SARGEANT DONTERRIOUS** | * | |
| **ROSENTHALL; DEPUTY CLARK;** | * | |
| **"MAJOR BB" believed to be MAJOR** | * | |
| **KARY BEEBE; MAJOR PELLERIN;** | * | |
| **DETECTIVE DOE #1; SUPERVISOR** | * | |
| **DOE #1; ASST. WARDEN KENNETH** | * | |
| **FERRELL, SR.; DEPUTY CADILLAC;** | * | |
| **DEPUTY SWAIN; DEPUTY BROWN** | * | |

## MEMORANDUM IN SUPPORT OF PLAINTIFF'S MOTION FOR LEAVE TO PROCEED ANONYMOUSLY

Plaintiff W.S., by and through undersigned counsel, respectfully submits this Memorandum of Law in Support of Plaintiff's Motion for Leave to Proceed Anonymously.

## INTRODUCTION

Plaintiff is a victim of sexual battery and sexual assault, and therefore has a strong interest in protecting his privacy in this matter of utmost intimacy. To avoid public disclosure of this highly

[1] Filed contemporaneous with this Complaint is an *Ex Parte* Motion for Leave to Proceed Anonymously given the nature of sexual assault allegations. *See* La. R.S. 46:1844(w)

sensitive personal information while seeking redress for the violation of his state and federally protected rights, Plaintiff has filed his Complaint pseudonymously and contemporaneously seeks leave from this Court to proceed anonymously in this action.

## FACTUAL ALLEGATIONS

Plaintiff Complaint, as well as those of other complainants filed contemporaneously against the same Defendants herein[2], allege a pattern of sexual assault and battery during their incarceration in Rapides Parish that included bribing, coercing, threatening, and/or forcing incarcerated men on the work crew of Deputy Steven Littleton, and those in his custody and control to perform sexual acts on themselves or others, and on Littleton and by Littleton, in exchange for access to and use of pornography, narcotics, alcohol, snacks, vapes, other smoking devices, and cell phones. Examples of these sexual acts include: Littleton making his victims, including W.S., masturbate while Littleton watched; Littleton making his victims, including W.S., manually stimulate Littleton until he reached ejaculation; Littleton making his victims, including W.S, allow him to manually stimulate Littleton; Littleton touching his victims,' including W.S.'s, genitals and private areas, both over the clothing and while his victims' genitals and other private areas were exposed; Littleton making his victims, including W.S., perform oral sex on him; Littleton making his victims, including W.S.., receive oral sex from him; Littleton making his victims, including W.S., perform sex acts him while others watched; Littleton making his victims perform sex acts on each other while he watched; and, Littleton watching his victims use the bathroom and in various stages of undress while doing so.

---

[2] C.D, C.H. and D.R.

Plaintiff further alleges that Littleton's employer and all other supervisory Defendants are vicariously liable to plaintiff for the sexual batteries, sexual assaults and other intentional torts committed by him.

**APPLICABLE LAW**

A motion to proceed pseudonymously is decided by balancing a party's privacy interest against the public's interest in open judicial proceedings. *See Doe v. Stegall*, 653 F.2d 180, 184-186 (5th Cir. 1981) (allowing parent and two child litigants to proceed anonymously in constitutional challenge to prayer and Bible reading exercises in public schools). A plaintiff is generally allowed to litigate under a pseudonym where substantial privacy interests are at stake or where a plaintiff would be compelled to disclose, *inter alia*, information of a sensitive or highly personal nature—information of the "utmost intimacy." *See id.*; *S. Methodist Ass'n of Women Law Students v. Wynne & Jaffe*, 599 F.2d 707, 712-13 (5th Cir. 1979).

Federal courts "generally allow a plaintiff to litigate under a pseudonym in cases containing allegations of sexual assault because they concern highly sensitive and personal subjects." *Doe v. Cabrera*, 307 F.R.D. 1, 5 (D.D.C. 2014); *See also Doe v. Blue Cross & Blue Shield United of Wis.,* 112 F.3d 869, 872 (7th Cir.1997) ("[F]ictitious names are allowed when necessary to protect the privacy of ... rape victims, and other particularly vulnerable parties or witnesses."); *E.E.O.C. v. Spoa, LLC,* No. CCB–13–1615, 2013 WL 5634337, at *3, *4 (D.Md. Oct. 15, 2013) (finding that "sexual assault" is a "highly sensitive and personal matter" and allowing the sexual assault victim to proceed pseudonymously); *Roe v. St. Louis Univ.,* No. 08–cv–1474–JCH, 2009 WL 910738, at *5 (E.D.Mo. Apr. 2, 2009) (allowing use of pseudonym because rape is a "personal matter of the utmost intimacy"); *Doe v. Blue Cross & Blue Shield United of Wisconsin*, 112 F.3d 869, 872 (7th

Cir. 1997) (stating that “fictitious names are allowed when necessary to protect the privacy of children, rape victims, and other particularly vulnerable parties or witnesses.”).

The above cited cases show that federal precedent weighs in favor of allowing the use of a pseudonym in cases involving sexual assault. Louisiana state law also weighs heavily in favor allowing the use of a pseudonym. LSA-Const. Art. 1, §25 guarantees that “[a]ny person who is a victim of crime shall be treated with fairness, dignity, and respect.” Louisiana Revised statutes 46:1844 sets forth the basic rights to which victims of a crime are entitled. Among those basic rights is the right for a victim of a “sex offense” to protect their identity through the use of a pseudonym in legal proceedings. La. R.S. 46:1844(w).

The Plaintiff here has a strong privacy interest in the use of a pseudonym, which interest clearly outweighs any countervailing public interest in revealing his identity. Plaintiff has put forth in his Complaint that he was the victim of sexual assault and sexual battery. Plaintiff has already suffered immensely from the events he endured, and he will be further traumatized if he is forced to publicly reveal his identity for all the world to see in perpetuity. Courts have recognized that anonymity can be important to safeguard recovery from trauma. See *Doe v. Penzato*, No. CV10-5154 MEJ, 2011 WL 1833007, at *3 (N.D. Cal. May 13, 2011). Compelling the plaintiff to identify his name on every court filing would make the plaintiff's name indefinitely available to the public. “Having the plaintiff's name in the public domain, especially in the Internet age, could subject the plaintiff to future unnecessary interrogation, criticism, or psychological trauma, as a result of bringing this case.” *Doe v. Cabrera*, 307 F.R.D. 1, 7 (D.D.C. 2014). Concealing the plaintiff's identity is often “necessary to prevent additional psychological harm to the plaintiff”. *Id* at n 6. The risk that a sexual assault victim will suffer additional mental harm as a result of being forced

to reveal their identity is, by itself, a sufficient reason to warrant proceeding under a pseudonym. *Id* at n 6.

The public's interests will be best served by allowing plaintiff to proceed through a pseudonym. In this case the public's interest in open judicial proceedings is not dependent on, or even aided by, knowledge of Plaintiff's identity. The Plaintiff is not a public figure nor is the defendant a public entity. So, the public has no greater interest in knowing the plaintiff's identity than they would for any average citizen. On the other hand, the public's interests would be furthered significantly by allowing Plaintiff to use a pseudonym in this case. There is a "strong [public] interest in protecting the identities of sexual assault victims so that other victims will not be deterred from reporting such crimes." *Doe v. Cabrera*, 307 F.R.D. 1, 6 (D.D.C. 2014). Forcing plaintiff to reveal his identity would serve as a deterrent to other victims coming forward.

Defendants will not be prejudiced by Plaintiff's use of a pseudonym. Defendants are already fully aware of Plaintiff's identity. Under these circumstances, neither fundamental fairness nor ease of discovery will be compromised by Plaintiffs' use of a pseudonym.

## **CONCLUSION**

Because the potential harm to Plaintiff clearly outweighs any potential interest in full public access to his identity, Plaintiff requests that this Court grant his request to proceed pseudonymously in this litigation.

Respectfully Submitted,

MURELL LAW

/s/ Christopher J. Murell

CHRISTOPHER J. MURELL (32075)
MEGHAN MATT (39975)
4005 St. Claude Ave.

New Orleans, LA 70117
Phone: (504) 300-9292
chris@murell.law

AND

DAZET LAW

/s/ Chelsea D. Dazet, Esq.
CHELSEA D. DAZET (33798)
221 E. Kirkland St.
Covington, LA 70433
Phone: (985) 249-6474
chelsea@dazetlaw.com

**CERTIFICATE OF SERVICE**

I hereby certify that a copy of the above and foregoing has been served on all counsel of record, by e-mail, facsimile and/or by depositing same in the United States Postal Service, properly addressed and postage prepaid, this 8th day of September, 2026.

/s/ Christopher J. Murell, Esq.
CHRISTOPHER J. MURELL